# REGISTER OF ACTIONS
### CASE NO. C-1034-15-C

**Refugio Aguirre, Cynthia Aguirre VS. ASI Lloyds, Orlando Chapa**

§ § § § § § §

|  |  |
|---|---|
| Case Type: | Contract - Consumer/Commercial/Debt (OCA) |
| Subtype: | Hail Storm 2012 - 370th |
| Date Filed: | 03/10/2015 |
| Location: | 139th District Court |

---

## PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | ASI Lloyds | **JAY SCOTT SIMON** *Retained* 713-403-8210(W) |
| **Defendant** | Chapa, Orlando | **JAY SCOTT SIMON** *Retained* 713-403-8210(W) |
| **Plaintiff** | Aguirre, Cynthia | **Robert Andrew Pollom** *Retained* 210-490-7402(W) |
| **Plaintiff** | Aguirre, Refugio | **Robert Andrew Pollom** *Retained* 210-490-7402(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 03/10/2015 | **Original Petition (OCA)** | | | |
| 03/10/2015 | **Citation** HEATHER@KRWLAWYERS.COM | | | |
| |    ASI Lloyds | Served | 03/16/2015 | |
| | | Returned | 03/24/2015 | |
| |    Chapa, Orlando | Unserved | | |
| 03/10/2015 | **Service Issued** | | | |
| 03/24/2015 | **Service Returned** *ASI Lloyds served 3/16/15* | | | |
| 04/06/2015 | **Answer** *DEFENDANTS ASI LLOYDS AND ORLANDO CHAPA'S ORIGINAL ANSWER* | | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** ASI Lloyds | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 04/15/2015** | | | **0.00** |
| 04/06/2015 | Transaction Assessment | | | 2.00 |
| 04/06/2015 | EFile Payments from TexFile | Receipt # DC-2015-25610 | ASI Lloyds | (2.00) |
| | | | | |
| | **Plaintiff** Aguirre, Refugio | | | |
| | Total Financial Assessment | | | 312.00 |
| | Total Payments and Credits | | | 312.00 |
| | **Balance Due as of 04/15/2015** | | | **0.00** |
| 03/10/2015 | Transaction Assessment | | | 310.00 |
| 03/10/2015 | EFile Payments from TexFile | Receipt # DC-2015-18680 | Aguirre, Refugio | (310.00) |
| 03/24/2015 | Transaction Assessment | | | 2.00 |
| 03/24/2015 | EFile Payments from TexFile | Receipt # DC-2015-22469 | Aguirre, Refugio | (2.00) |

# EXHIBIT B

C-1034-15-C
139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ASI Lloyds**
**Registered Agent, Rodney D. Bucker**
**700 North Pearl Street, 25th Floor**
**Dallas, TX 75201**
**Or wherever else he may be found**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFFS ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 10th day of March, 2015 and a copy of same accompanies this citation. The file number and style of said suit being C-1034-15-C, **REFUGIO AGUIRRE, CYNTHIA AGUIRRE VS. ASI LLOYDS, ORLANDO CHAPA**

Said Petition was filed in said court by KEVIN S. BAKER; 16500 SAN PEDRO, SUITE 302 SAN ANTONIO, TX 78232.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 10th day of March, 2015.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
**KRYSTAL HIDALGO, DEPUTY CLERK**

RECEIVED
MAR 1 6 2015
TCCI

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. C-1034-15-C

| | | |
|---|---|---|
| REFUGIO AGUIRRE AND<br>CYNTHIA AGUIRRE | § § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL DISTRICT |
| ASI LLOYDS<br>AND ORLANDO CHAPA | § § § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs REFUGIO AGUIRRE AND CYNTHIA AGUIRRE, files this Original Petition against ASI LLOYDS ("ASI" or the "INSURANCE DEFENDANT"), and ORLANDO CHAPA ("CHAPA" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

**I.
DISCOVERY CONTROL PLAN LEVEL**

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II.
PARTIES AND SERVICE**

Plaintiffs resides in Hidalgo County, Texas.

Defendant ASI is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

1

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by a process server, by serving its registered agent Rodney D Bucker, 700 North Pearl Street 25th Floor, Dallas Texas 75201, or wherever else he may be found.

Defendant, ORLANDO CHAPA, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 7434 Brush Creek Drive, Corpus Christi, Texas 78414, of wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiffs and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiffs are the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiffs owns the insured property, which is specifically located at 620 Dalobo

2

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

Boulevard, Edinburg, Texas 78541 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, Plaintiffs sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that

3

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary

4

Case 7:15-cv-00165 Document 1-2 Filed in TXSD on 04/15/15 Page 7 of 20

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs was forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

V.

CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs. Defendant's failure and/or refusal, as described

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-1034-15-C**

above, to pay Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1. UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2. THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article

6

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VI.
CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

**A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiffs re-alleges the foregoing paragraphs. At all pertinent times, CHAPA, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the

7

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-1034-15-C**

Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and her agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to ORLANDO CHAPA who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

8

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-1034-15-C**

ADJUSTER DEFENDANT inspected Plaintiffs' property on or about January 2, 2014. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Chapa, ignored covered damages including but not limited to the roof, gutters, fascia, soffit, stucco, central air conditioning unit, trim, and hallway. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about January 7, 2014, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiffs allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiffs provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiffs made inquiries

9

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiffs has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiffs reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

damages are a direct result of DEFENDANTS' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiffs would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-1034-15-C

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

Electronically Filed
3/10/2015 3:24:55 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**C-1034-15-C**

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:   (210) 490-7402
Facsimile:   (210) 490-8372

BY: _/s/ Kevin S. Baker_
 Kevin S. Baker
 State Bar No. 00797799
 kevin@krwlawyers.com
 Michelle C. Le
 State Bar No. 24085427
 michellel@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

**CERTIFIED MAIL**

BRAVO'S LEGAL PROCESSING
6531 FM 78, SUITE 110-479
SAN ANTONIO, TX. 78244

7014 1200 0000 5443 8122



U.S. POSTAGE
PAID
CONVERSE,TX
78109
MAR 13, 15
AMOUNT
$7.61
00103295-12

RECEIVED
MAR 16 2015
TCCI

ASI LLOYDS
RODNEY D. BUCKER
700 N. PEARL STREET, 25th Floor
Dallas, TX 75201

Electronically Filed
4/3/2015 12:24:52 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

CAUSE NO. C-1034-15-C

| | | |
|---|---|---|
| REFUGIO AGUIRRE AND CYNTHIA AGUIRRE, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | HIDALGO COUNTY, TEXAS |
| vs. | § § | |
| ASI LLOYDS AND ORLANDO CHAPA, | § § | |
| *Defendants.* | § | 139TH JUDICIAL DISTRICT |

### DEFENDANTS ASI LLOYDS AND ORLANDO CHAPA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants ASI LLOYDS and ORLANDO CHAPA and file this, their Original Answer, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### APPRAISAL

Pleading further, nothing contained in this Answer should be construed as a waiver to Defendant ASI Lloyds' contractual right to appraisal. When Defendant ASI Lloyds is better able to determine Plaintiffs' contentions with respect to contractual damages, Defendant ASI Lloyds may request that this case be abated and that any differences in damages be determined through the contractual right to appraisal contained in the policy of insurance at issue.

2183235
04098.558

## III.
## DEMAND FOR JURY TRIAL

Defendants herein make demand for a jury trial in this case, and will tender the applicable fees thereon.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendants, and Defendants go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

 /s/ Jay Scott Simon
Jay Scott Simon
State Bar No. 24008040
jsimon@thompsoncoe.com
Lauren E. Figaro
State Bar No. 24087510
lfigaro@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANTS**

Electronically Filed
4/3/2015 12:24:52 PM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April, 2015, a true and correct copy of the foregoing was served upon the following counsel of record in accordance with the Texas Rules of Civil Procedure:

Kevin S. Baker
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

                                       /s/ Jay Scott Simon
                                       Jay Scott Simon

2183235
04098.558